UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,
    Plaintiff,

                                                                   No. 1:10-cv-1199

-v-

                                                                   HONORABLE PAUL L. MALONEY

DINA DOMINIQUE,
    Defendant.

## ORDER OF REMAND

Defendant Dina Dominique ("Defendant") filed a notice of removal. For the reasons provided herein, the action is remanded to the Circuit Court of Ingham County.

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an obligation to examine whether they have subject matter jurisdiction over an action. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). When an action is removed from state court, a federal court must consider whether it has subject matter jurisdiction. *See Probus v. Charter Commc'ns, LLC*, 234 F.App'x 404, 406 (6th Cir. 2007) (unpublished) ("Therefore, despite Probus's failure to move to remand, the district court should have *sua sponte* addressed the issue of subject matter jurisdiction.") (citing *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 539-41 (6th Cir. 2006)).

Defendant was arrested for making a false report of a felony, a violation of Mich. Comp. Laws § 750.411a(1)(b). She was arraigned in Ingham County, Michigan, in the Ingham County

Circuit Court on November 4, 2010. (ECF No. 1 - Notice of Removal, 1.) The notice of removal was timely filed on December 6, 2010. *See* Fed. R. Civ. P. 6(a). Defendant asserts she is the victim of a criminal conspiracy to deprive her of her constitutional rights on the basis of her race. Defendant identifies a laundry list of federal statutes she alleges the State of Michigan has violated. Defendant asserts, as an authority for removal, 28 U.S.C. § 1441(c) and § 1443.[1]

Defendant's criminal suit may not be removed under § 1441(c). That statutory section provides in part: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more causes of action, the entire case may be removed . . . ." 28 U.S.C. § 1441(c). Section 1331 grants federal district courts original jurisdiction over "all *civil* actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). As the underlying state prosecution is not a civil action, § 1441(c), by way of § 1331, does not provide a basis for removing the action to federal court. *See Michigan v. Martin*, No. 89-1745, 1990 WL 8089, at * 2 (6th Cir. Feb. 5, 1990) (unpublished table opinion) ("Removal was not proper under 28 U.S.C. § 1331, because the proceeding Martin sought to remove was criminal, not civil, in nature.").

Section 1443 authorizes removal of both civil and criminal proceedings. The statute provides as follows:

> Any of the following civil actions or criminal prosecutions, commended in State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such

---

[1] Defendant also references other rules and statutes, none of which provide a substantive basis for removing an action to federal court.

> State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any action under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Through a series of opinions, the United States Supreme Court has developed a two-part test for determining when removal under § 1443(1) is proper.[2] *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213 (1975); *City of Greenwood v. Peacock*, 384 U.S. 808 (1966); and *Georgia v. Rachel*, 384 U.S. 780 (1966)). First, the defendant must establish that the right allegedly violated arises under federal law which provides for specific civil rights stated in terms of racial equality. *Johnson*, 421 U.S. at 219; *Conrad*, 871 F.2d at 614-15. Second, the defendant must establish that he or she is denied or cannot enforce the specified federal right in the courts of the State. *Johnson*, 421 U.S. at 219; *Conrad*, 871 F.2d at 615.

A defendant establishes the second part of the removal test in typical situations by showing that a state statute denies her specified federal rights, "rather than a denial first made manifest in the trial of the case." *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 799). Atypically, a defendant establishes the second part of the test by showing that she will be denied or cannot enforce the specified federal rights in state court. *Id.* The United State Supreme Court explained

> [u]nder § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court.

---

[2]Subsection 1443(2) is inapplicable here. That subsection confers the privilege of removal only upon federal officers and individuals authorized to assist them and state officers. *See City of Greenwood v. Peacock*, 384 U.S. 808, 824 and n. 22 (1966). Defendant is neither a federal officer nor a state officer. Defendant is not an individual authorized to assist any such officers.

3

*City of Greenwood*, 384 U.S. at 828. In *Rachel* and *City of Greenwood*, the Supreme Court did not look at the characterization of the defendant's conduct contained in the charging documents, but rather at the acts of the defendant to see if those acts constituted or were connected to federally protected activity. *Conrad*, 871 F.2d at 615. Where no connection between the defendant's act and the federally protected activity existed, then the State's attempts to punish the defendant did not violate federal civil rights laws and removal was not authorized. *Id.* However, where a connection existed and the State was retaliating against the defendant for engaging in activity protected by federal civil rights statutes, removal was appropriate. *Id.*

Defendant cannot meet the second part of the test for removal under § 1443(1). Defendant's allegations fall under the atypical or rare situation; Defendant has not alleged that Michigan's false report statute violates a federal civil rights statute. Defendant has not established that, in her situation, "*any* proceedings in the courts of the State will constitute a denial of the rights conferred" by a federal civil rights statute. *Rachel*, 384 U.S at 804 (emphasis in original). In *Rachel*, the defendants were being prosecuted for criminal trespass. The defendants sought service in a private restaurant, were refused, and were asked to leave on the basis of their race. Under that situation, any attempt to prosecute the defendants for trespass would necessarily conflict with the federal civil rights statutes prohibiting racial discrimination in places of public accommodation. *Id.* Defendant has not identified a federal civil rights statute that would conflict with the State's attempt to prosecute her for filing a false report. *Cf. Emigrant Sav. Bank v. Elan Mgt. Corp.*, 668 F.2d 671, 675 (2d 1982) (finding no basis for removal because "there is nothing facially unconstitutional about New York's foreclosure law"); *Cook County State's Attorney v. Tyler*, No. 07 C 1393, 2007 WL 2028547, at * 3 (N.D. Ill, July 10, 2007) ("[D]efendant is not being prosecuted for conduct that for

4

her race would be legal and permissible. The conduct in which defendant is alleged to have engaged (falsifying a court document) is not a right of any citizen of the United States, nor does any law confer immunity from prosecution of such conduct.") Fairly read, Defendant complains that, during the course of her prosecution, state authorities have violated her federal civil rights and will continue to do so. That allegation falls squarely within the holding in *City of Greenwood*. "It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal civil rights have been illegally or corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood*, 384 U.S. at 827 (emphasis in original). Assuming Defendant's allegations true, Defendant has other remedies in both state and federal court. *See id.* at 828-30.

Therefore, Defendant's removal of this action was improper. The action is **REMANDED** to the Circuit Court of Ingham County, Michigan. **IT IS SO ORDERED.**


Date:  December 8, 2010                    /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           Chief United States District Judge